MENNEL MILLING CO. *v.* ACME PIE CO.

1. PRINCIPAL AND AGENT—QUESTION FOR JURY—EVIDENCE.
   Question as to authority of broker's representative to bind milling company on written contract containing express warranty as to quality of flour sold thereunder *held*, properly submitted to the jury in action by company against buyer.

2. SAME—VERDICT—EVIDENCE—CONTRACTS.
   Finding for defendant on question of agent's authority to sign contract on behalf of plaintiff *held*, sustained by evidence that he received authority over telephone before taking order.

3. SALES—TRADE NAMES—WARRANTIES.
   Section of uniform sales act which excludes implied warranties in sale of articles under a trade name does not extend to exclusion of express warranties of written contract (2 Comp. Laws 1929, § 9454, subd. 4).

4. SAME—REJECTION OF FUTURE SHIPMENTS—WARRANTY AS TO QUALITY.
   In action for damages for refusal to accept further shipments of flour pursuant to contract containing express warranty as to quality, instruction that rejection of flour must be in good faith and that plaintiff must have had knowledge of purpose for which it was intended *held*, correct, where there was ample proof of unsatisfactory quality of flour previously shipped and plaintiff admits future shipments would be of same quality.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 6, 1934. (Docket No. 29, Calendar No. 37,774.) Decided September 18, 1934.

Assumpsit by Mennel Milling Company, an Ohio corporation, against Acme Pie Company, a Michi-

gan corporation, on contract for sale of flour. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Pear, Beattie & Langs (Donald K. Tyler,* of counsel), for plaintiff.

*Joseph P. Uvick,* for defendant.

EDWARD M. SHARPE, J. July 31, 1930, plaintiff company sold to defendant company 1,500 barrels of "Challenge" brand flour at $4.30 per barrel for scattered shipment over several months. Plaintiff is a milling company in Ohio and receives orders for flour through various brokers. Defendant company is located in Detroit. In the instant case the sale was made through the brokerage office of J. M. Bour & Company of Toledo, Ohio. The order for the flour was taken by George E. Amendt, a salesman employed by J. M. Bour & Company. Before taking the order, Mr. Amendt called John W. Enright, sales manager of plaintiff company, by long distance telephone in regard to the terms of the order and received Mr. Enright's approval. The order was then incorporated in the form of a letter to the Mennel Milling Company dated July 31, 1930, and containing the following paragraphs:

"Kindly enter our order for the following: 3,000 —98 lb. bags, new cotton (1,500 bbls.) Challenge at $4.30 per bbl.

"Composed of one-half red wheat and one-half white wheat. 93% selected soft winter patent flour. Packed in new 98 lb. cottons.   *   *   *

"Right of inspection and rejection reserved by the Acme Pie Co., also the flour to conform to our standard of quality."

This letter was signed by P. J. LeCody on behalf of the Acme Pie Company and by George E. Amendt on behalf of the Mennel Milling Company. The original remained in the possession of the defendant and there is no showing as to what happened to the copy although Mr. Amendt testified that he supposed he turned it over either to J. M. Bour & Company or to the Mennel Milling Company.

By letter dated July 31, 1930, plaintiff acknowledged the order as follows:

"Thank you for the order you have given our Mr. G. E. Amendt this morning, and we are pleased to confirm booking for you 1,500 barrels of our Challenge select soft winter patent flour at $4.30, basis cotton halves Detroit, for scattered shipment from November 1, 1930, to May 1, 1931."

Several shipments of flour were made and accepted by defendant. On November 20, 1931, defendant complained to the milling company as to the quality of the flour and after July 16, 1932, defendant refused to accept any more flour and notified plaintiff to that effect. Plaintiff began suit for loss on the remaining 585 barrels of flour.

Plaintiff claims that the contract was an oral contract and that George E. Amendt had no authority to sign the written contract on its behalf; that where goods are furnished under a brand name, the furnishing of goods of that brand name is a full compliance with the contract under 2 Comp. Laws 1929, § 9454, subd. 4; that the contract was severable, and that failure to meet the requirements on one instalment would not entitle defendant to rescind future instalments.

Defendant contends that George E. Amendt had special authority to sign the written contract; that

such contract contained an express warranty or condition that the flour conform to defendant's standard of quality; and that defendant had the right to rescind when plaintiff admitted that future instalments would be of the same grade as those already received.

The case was tried before a jury and resulted in a verdict for defendant from which plaintiff appeals.

The question of the authority of the salesman to bind the plaintiff company was properly submitted to the jury, which found in favor of defendant. The evidence regarding the telephone call by Amendt to plaintiff's sales manager was sufficient to sustain a finding of the agent's authority.

Under the terms of the written contract the defendant had the right of inspection and rejection and the flour was to conform to defendant's standard of quality. The defendant was not only purchasing flour under a brand name with certain specifications, but there was also an express stipulation as to quality. The statute excluding implied warranties in sales of articles under a trade name does not extend to express warranties or conditions.

"But the mere fact that the article happens to have a trade name and is denoted by it in the contract does not exclude all warranties and assign the transaction to subdivision 4 of § 64-315, Oregon Code 1930 (same as 2 Comp. Laws 1929, § 9454, subd. 4)." *J. A. Campbell Co.* v. *Corley,* 140 Ore. 462, 475 (13 Pac. [2d] 610, 613).

The court charged the jury as follows:

"I further charge you, members of the jury, that if you decide that the defendant was entitled to the benefits of the written contract, or the purported

written contract, more particularly the right of rejection, that the defendants in rejecting the flour must act in good faith and be honestly dissatisfied. * * * It becomes a question of fact for you whether the defendant was reasonable in rejecting the balance of that shipment. If you find that the flour did not answer the purpose for which it was intended, and that the plaintiff had knowledge that the flour was to be used for baking pies, it would be your duty to render a verdict for the defendant of no cause for action.''

We think the court was correct in this instruction, and defendant presented ample proof of the unsatisfactory quality of the flour.

Plaintiff admits that future deliveries of flour will be of the same quality as that already delivered. Here there is positive proof that the unshipped flour would not be suitable for the purpose intended by the defendant and under such circumstances, we think the defendant had the right to reject future shipments.

Judgment affirmed, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, and BUSHNELL, JJ., concurred with EDWARD M. SHARPE, J. WIEST, J., concurred in the result.